1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  SLOAN HEFFRON (CABN 285347)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6730
7       Fax: (415) 436-7234
        Sloan.heffron@usdoj.gov
8
   Attorneys for United States of America
9

**FILED**

MAR 20 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13 | UNITED STATES OF AMERICA,       ) CASE NO. 24-CR-00169 EMC
                                     )
14 |         Plaintiff,               ) UNITED STATES' MOTION FOR DETENTION
                                     )
15 |    v.                            ) DATE:  March 22, 2024
                                     ) TIME:  10:30 a.m.
16 | VINCENT D. GUY,                  ) COURT: Hon. Laurel Beeler
                                     )
17 |         Defendant.               )

18       The United States respectfully moves the Court to order that defendant Vincent D. Guy be

19 detained pending trial. Guy is a recidivist offender with a history of using firearms in the commission of

20 crimes against others. Since 2010, Guy has been convicted of felony offenses in four separate cases,

21 including 2019 convictions for Assault with a Semi-automatic Firearm and Assault with Force Likely to

22 Produce Great Bodily Injury, resulting in a ten-year state prison sentence. Since his release, Guy has

23 continued to offend: the present case is the third felony firearms prosecution of Guy in the last 21

24 months. Here, he possessed a loaded firearm while on pretrial release in a pending state firearms case.

25       Guy has repeatedly and convincingly demonstrated that he is a threat to public safety and is

26 unable to follow the conditions of supervision. This Court should order that he be detained pending trial

27 because there is no condition or combination of conditions that will reasonably assure the safety of any

28 other person or the community.

**APPLICABLE SECTIONS OF THE BAIL REFORM ACT**

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

<u>Flight Risk Standard – Preponderance of Evidence</u>

Facts used to establish a finding that the defendant poses a risk of flight pending trial must be shown by a preponderance of evidence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

<u>Danger Standard – Clear and Convincing Evidence</u>

"A finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence." *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008).

*Factors for Deciding Detention or Release*

In determining whether the pretrial detention standard is met, Courts are to consider information regarding:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Of these four factors, the weight of the evidence against the defendant is the least important. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Consideration of factors outside the articulated factors set forth in Section 3142 is disfavored. *United States v. Diaz-Hernandez,* 943 F.3d 1196, 1199 (9th Cir. 2019).

//
//
//
//

# DISCUSSION

As discussed below, each of the applicable § 3142(g) factors weighs in favor of detention.

### A.  Nature and Circumstances of the Offense Charged - § 3142(g)(1)

Guy is charged by indictment with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  There is no question that Guy's crime is a serious offense because of the danger posed by convicted felons who arm themselves.  *United States v. Walker*, 68 F.4th 1227, 1238 (9th Cir. 2023) ("while an offense under § 922(g)(1) is considered nonviolent, it is a serious felony") (referencing Bail Reform Act factors); *Caron v. United States*, 524 U.S. 308, 316-17 (1998) ("Massachusetts treats [convicted felon] petitioner as too dangerous to trust with handguns, though it accords this right to law-abiding citizens. Federal law uses this state finding of dangerousness in forbidding petitioner to have any guns."); *United States v. Torres*, 911 F.3d 1253, 1264 (9th Cir. 2019) (observing that Congress passed Section 922(g) to "disarm groups whose members Congress believes are unable or unwilling to conduct themselves in conformity with the responsibilities of citizenship." (internal quotation marks omitted)).  In fact, the firearms offense charged in the Indictment is one of the serious crimes specifically listed in Section 3142(g) that the Court should take into consideration in determining whether bail is appropriate.

The facts underlying the charged offense are straightforward: on February 14, 2024, a San Francisco County Superior Court Judge issued a warrant for Guy's arrest.  On February 15, 2024, several San Francisco Police Department ("SFPD") officers went to the area of Guy's listed residence in San Francisco.  Upon arriving in the area, officers located Guy sitting on a curb near the entrance of a parking lot across the street from his residence.  The officers took Guy into custody on the outstanding arrest warrant.  During a search incident to arrest, an officer recovered a revolver from Guy's front left jacket pocket.  This revolver, a Taurus Judge, is unique in that it can fire both .410 bore shotgun shells as well as Colt .45 ammunition.  The revolver recovered from Guy was loaded with five unfired .410 bore shotgun shells.  A database query did not uncover any record concerning the firearm.  After being advised of his *Miranda* rights, Guy acknowledged possessing the revolver.

While the fact that Guy possessed a firearm loaded with shotgun shells in a public place is concerning in and of itself, the seriousness of this offense is underscored by Guy's significant criminal

3

history, described below. Moreover, at the time he possessed the firearm recovered on February 15, 2024, Guy had been charged in two separate firearms cases that are currently pending in San Francisco County Superior Court: one arising from a June 20, 2022, incident; the second based on an incident that occurred on December 10, 2023, and which resulted in the arrest warrant that led to his arrest on February 15. The nature and circumstances of the present offense favor detention.

### B. Weight of the Evidence Against the Defendant – § 3142(g)(2)

Although the Ninth Circuit treats this as the least important factor, courts are still "require[d]" to consider it. *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (finding that "the weight of the evidence clearly and convincingly establishe[d]" a likelihood that the defendant would pose a danger if released). Likewise, strong evidence of a defendant's guilt "makes it more likely that he will flee," since he has less incentive to stick around and litigate the case. *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991).

The weight of the evidence against Guy is compelling. As detailed above, officers recovered a loaded firearm from Guy's jacket pocket. This was captured in the body worn camera video recordings of the responding officers. During a post-arrest interview, Guy admitted to possessing the firearm. An ATF Special Agent with expertise in tracing the place of manufacture for firearms has opined that both the gun and the ammunition inside of it were manufactured outside the state of California. The frame of the firearm is marked "MADE IN BRAZIL." And, as noted, Guy's criminal history prohibited his possession of this gun or ammunition. The sole count charged in the indictment is supported by ample evidence. This factor therefore weighs in favor of detention.

### C. History and Characteristics of the Defendant § 3142(g)(3); Danger to the Community – § 3142(g)(4)

These factors weigh heavily against release. Guy's adult criminal history, detailed below, reflects a disturbing pattern of committing violent crimes against others.

//
//
//
//

| Sentencing Date | Statute of Conviction | Crime of Conviction | Court / Case Number / Sentence |
|---|---|---|---|
| 1/29/10 | Cal. Pen. Code § 487(c) | Grand Theft from Person (felony) | **CASC San Francisco / 02442975**<br>• Nine months' jail<br>• Four years' probation<br><br>12/15/10: probation terminated as unsuccessful |
| 12/15/10 | Cal. Pen. Code § 487(c) | Grand Theft from Person (felony) | **CASC San Francisco / 10015116**<br>• One year jail<br>• Three years' probation<br><br>7/3/13: probation terminated as unsuccessful |
| 6/12/14[1] | Cal. Pen. Code § 422 | Criminal Threats (felony) | **CASC San Francisco / 12027749**<br>• 16 months' state prison |
| 3/11/19 | Cal. Pen. Code § 245(b)<br><br>Cal. Pen. Code § 245(a)(4) | Assault w/ a Semi-automatic Firearm (felony)<br><br>Assault w/ Force Likely to Produce Great Bodily Injury (felony) | **CASC San Francisco / 15022138**<br>• 10 years' state prison (aggregate) |

While the mere existence of this criminal history suggests that Guy is an unsuitable candidate for pretrial release, the facts underlying several of the convictions are particularly concerning. Details regarding the two most recent cases listed above further illustrate why pretrial release in this matter would put the public at risk.[2]

**2014 Criminal Threats Conviction**

As noted, in June 2014, Guy was convicted of Criminal Threats. That conviction arose from an October 2012 incident in which Guy and his then-girlfriend confronted a group of four people who had just gotten off the bus in San Francisco's Fillmore neighborhood. This group included a woman who had previously dated Guy ("Ex-Girlfriend 1"), as well as her five-year-old niece. Guy and his then-

---

[1] Guy's California rap sheet states that this conviction occurred on July 24, 2013, while other criminal records indicate that it occurred on June 12, 2014.

[2] The facts in this section are based on investigative reports that have been provided to Pretrial Services and the defense. A copy of these reports will be provided to the Court (via email) along with the chambers copy of this motion.

girlfriend ("Ex-Girlfriend 2") approached the group, at which time Guy threatened to kill Ex-Girlfriend 1 and everyone with her, then told the group to leave the neighborhood. As the group walked away, Guy and Ex-Girlfriend 2 each withdrew firearms and proceeded to threaten to kill members of the group. At one point, Ex-Girlfriend 2 stated, "just cause you have your baby don't think she's saving you, we killing kids too [sic]," in reference to the five-year-old girl.

The police were called and responded to the area. Upon arrival, officers located a group of people, including Guy. Several people pointed at Guy and screamed, "he's got a gun!" A responding officer ordered Guy to stop. Guy turned and ran away from the scene. During the ensuing foot pursuit, an officer watched Guy remove a handgun from his waistband and throw the gun onto the roof of a nearby residence. Officers eventually found Guy hiding underneath a car in a nearby parking garage, where he was taken into custody. Officers also recovered the firearm from the roof. Upon inspection, officers determined that the gun was a .45 caliber semi-automatic pistol with an obliterated serial number.

At the time of this incident, Guy was on felony probation in relation to his December 2010 conviction for Grand Theft from Person.

### 2019 Convictions for Assault with a Semi-automatic Firearm and Assault with Force Likely to Produce Great Bodily Injury

Guy's March 2019 convictions for Assault with a Semi-automatic Firearm and Assault with Force Likely to Produce Great Bodily Injury resulted from a shooting that occurred on September 20, 2015. The day after the shooting, a man (the "Victim") reported to SFPD that another man he did not know—later identified as Vincent Guy—was trying to kill him.

The Victim recounted that, weeks earlier, Guy exited a car near the Victim's house and verbally threatened the Victim. Guy then drove by and pointed what appeared to be a firearm at the Victim, which Guy pretended to shoot.

Around a week later, Guy exited a silver Dodge Charger and walked toward the Victim with a black handgun. According to the Victim, Guy pulled back the slide of the handgun, then pointed it at the Victim and pulled the trigger. However, the gun only clicked, and did not fire. Guy then returned to the car and drove off.

Finally, during the early morning of September 20, 2015, Guy's then-girlfriend ("Ex-Girlfriend 3") pulled up outside the Victim's house in the silver Charger as the Victim returned home from work. Guy exited the passenger seat and proceeded to fire three shots at the Victim. All three shots missed the Victim. Guy then got back into the passenger seat of the Charger, which drove to a nearby residence on Revere Avenue (the "Revere Residence"). There, Ex-Girlfriend 3 exited the Charger and went inside. Guy proceeded to exit the passenger-side of the Charger, walked around to the driver's seat, and drove off. The Victim stated that he was familiar with Ex-Girlfriend 3 and had spoken with her in the past. However, he did not know the man (Guy) who shot at him. In explaining why he had not come forward earlier, the Victim noted, "I'm reporting it today because I'm afraid he is going to kill me."

Through their investigation, police determined that both Guy and Ex-Girlfriend 3 had previously reported the Revere Residence as their address of record. Police also noted that Ex-Girlfriend 3 had previously made multiple stolen vehicle reports in which she alleged that Guy had stolen her car. At one point, Ex-Girlfriend 3 told police that she had reported her car stolen by Guy "because I'm afraid he might be out committing crimes and I don't want that coming back to me."

At the time of these events, Guy was on parole for his 2015 Criminal Threats conviction. Guy and Ex-Girlfriend 3 were eventually arrested and charged with Attempted Murder. Guy later pleaded guilty to Assault with a Semi-automatic Firearm and Assault with Force Likely to Produce Great Bodily Injury, and was sentenced to a total term of ten years in state prison.

**Guy Has Been Charged in Two Additional Firearms Cases Since 2022**

Another factor for the Court to consider is "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial." 18 U.S.C. § 3142(g)(3)(B). As noted, approximately five years ago, Guy was sentenced to ten years in state prison. Undoubtedly, the time he spent in custody prior to sentencing was credited toward this sentence.

Despite the recency of this sentence, it does not appear that Guy was on parole or post-release community supervision at the time he possessed the firearm and ammunition recovered in the present case. He was, however, on pretrial release in San Francisco County Superior Court following an arrest on June 30, 2022. In that case, SFPD officers observed a silver Mazda run a red light. When officers attempted to conduct a traffic stop, the driver of the Mazda—later identified as Guy—made a right-hand

7

turn, then exited the car and fled on foot through a children's playground.  Following a foot pursuit, officers located Guy nearby and placed him under arrest.  Meanwhile, the Mazda had crashed into a stop sign.  During an inventory search of the Mazda, officers recovered a loaded (and stolen) .45 caliber semi-automatic pistol, 109 rounds of .45 caliber ammunition, an additional loaded pistol magazine, a bulletproof vest, five daggers, two airsoft rifles, a bottle of airsoft pellets, two ski masks, multiple containers of marijuana, and a scale.  Guy was subsequently charged in San Francisco Superior Court with several felony offenses, and the case remains pending.

Guy is also currently charged in another felony firearms case pending in San Francisco Superior Court.  On December 10, 2023, SFPD officers responded to a report of a woman armed with a firearm, chasing after a male.  Officers arrived on scene and spoke with the woman, identified as Ex-Girlfriend 2 (referenced above).  Ex-Girlfriend 2 reported that Vincent Guy had threatened her with a firearm, which he then dropped on the ground.  Ex-Girlfriend 2 said that she picked-up the gun and proceeded to run after Guy, who entered a waiting car and left the scene.  Officers took custody of the firearm, which was booked into evidence.  Officers then located Guy nearby and placed him under arrest.  Subsequent DNA analysis revealed the presence of Guy's DNA on the firearm.  As a result of the December 10, 2023, incident, Guy was charged with being a felon in possession of a firearm, and on February 14, 2024, a Superior Court Judge issued the warrant which led to Guy's arrest on February 15, 2024.

Guy's continued access to firearms while out of custody poses a substantial threat to the public's safety, as evidenced by the nature of his prior convictions.  Also concerning is the fact that, in addition to the convictions and pending cases referenced above, Guy's criminal history indicates that he has previously violated the conditions of his probation and parole on numerous occasions.  This history of recidivism is a significant factor in assessing whether he is likely to abide by any conditions of release in the present case.

The nature and seriousness of Guy's prior criminal acts, his longstanding history of noncompliance, and his continued access to firearms while on pretrial release establish by clear and convincing evidence that he poses a danger to any other person or the community that cannot be adequately mitigated by any condition or combination of conditions of release.

## **CONCLUSION**

Vincent D. Guy presents a significant danger to any other person or the community that cannot be adequately mitigated through any condition or combination of conditions. This Court should order that he be detained pending trial.

DATED: March 20, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s/
SLOAN HEFFRON
Assistant United States Attorney